UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| MARIA EDUARDA <br> LISBON FERRO, <br><br> Petitioner, <br><br> v. <br><br> PATRICIA HYDE, <br> *New England Field Office Director,* <br> *U.S. Immigration &* <br> *Customs Enforcement*, et al., <br><br> Respondents. | 2:25-cv-00513-SDN |

## ORDER TO SHOW CAUSE

On October 7, 2025, Petitioner Maria Eduarda Lisbon Ferro filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1.

According to the unverified petition, Ms. Lisbon Ferro is a Brazilian national who entered the United States uninspected in March 2023. ECF No. 1 at 1. She then presented herself at the border and was placed into removal proceedings.[1] *Id.* On September 17, 2025, she was arrested by Woburn, Massachusetts Police and charged with assault and battery on a family or household member and assault and battery with a dangerous weapon. *Id.* Upon her release from Woburn Police's custody on September 19, 2025, Immigration and Customs Enforcement ("ICE") detained her at the Cumberland County

---

[1] It is unclear from the petition as to whether Ms. Lisbon Ferro actually entered the country uninspected if she subsequently presented herself at the border. The Court assumes for the purposes of this Order that she entered the country uninspected and, at a later date, was placed into removal proceedings.

1

Jail in Maine.[2] *Id*. The Woburn District Court issued a state habeas order directing that she be produced for her next court date in Woburn, Massachusetts, on October 9, 2025. *Id*. at 1–2. She also contends that she is not subject to expedited removal under 8 U.S.C. § 1225(b)(1). ECF No. 1 at 2.

In her petition, Ms. Lisbon Ferro asserts, among other things, that her detention violates her Fifth and Fourteenth Amendment rights on the ground that if ICE were permitted to transfer her out of state to another detention facility, then she would be unable to comply with the state habeas order to appear at her October 9, 2025, criminal hearing. *Id*. at 5–8. She also argues that she is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a), which would entitle her to a bond hearing on conditions of release. *Id*. at 9–10. As such she seeks, among other remedies, a writ of habeas corpus ordering her immediate release, a declarative order, and a restraining order prohibiting her transfer out of the District of Maine during these proceedings, except to attend criminal proceedings in Massachusetts. *See id*. at 10–11.

To ensure that I can assess the merits of the petition, Respondents are **CONDITIONALLY ORDERED** not to remove Petitioner from the jurisdiction of the United States or transfer petitioner to a judicial district outside that of Maine pending further order of the Court, except that she may be transported to attend criminal proceedings in the District of Massachusetts. The precondition to this Order is a requirement that Petitioner file an amended *verified* petition on or before October 8, 2025.

---

[2] Because Ms. Lisbon Ferro currently is detained in Maine, I find that this Court retains jurisdiction over the habeas matter. *See Ozturk v. Trump*, 777 F. Supp. 3d 26, 35 (D. Mass. 2025) ("[A]s a general matter, a habeas petitioner must file his or her petition in the district of confinement.").

Upon the filing of an amended verified petition, the above-referenced order to hold Petitioner in the District of Maine—except to attend criminal hearings in Massachusetts—will go into effect. Assuming the order to hold is timely effectuated by the filing of an amended verified petition, Petitioner is **ORDERED** to pay a nominal bond of $100.00, and Defendants are **ORDERED TO SHOW CAUSE** as to the basis for Petitioner's detention on or before October 10, 2025. *See* 28 U.S.C. § 2243. Petitioner may file a reply within two days of Respondents' response. *See id*.

**SO ORDERED.**

Dated this 7th day of October, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**