UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSÉ DANIEL PÉREZ PIÑA,<br><br>        Petitioner,<br><br>v.<br><br>DERRICK STAMPER,<br>*Chief Patrol Agent, Houlton Sector,*<br>*U.S. Border Patrol*, et al.,<br><br>        Respondents. | 2:25-cv-00509-SDN |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner José Daniel Pérez Piña is a Venezuelan citizen who entered the United States without inspection in mid-September 2023. ECF No. 1 at 1–2. Soon thereafter, U.S. Customs & Border Protection ("CBP") detained Mr. Pérez Piña and held him for five days before releasing him on his own recognizance. *Id.* at 2. The Department of Homeland Security re-detained him a little more than two years later, in late-September 2025. *Id.*; *see also* ECF No. 11-1 at 10. On October 3, 2025, Mr. Pérez Piña filed with this Court a verified petition for a writ of habeas corpus challenging his detention without a bond re-determination hearing. ECF No. 1. The Government responded in opposition on October 7, 2025, ECF No. 11, and Petitioner replied two days later, ECF No. 17. On October 14, 2025, the Court held a hearing on the merits of Mr. Pérez Piña's petition. *See* ECF No. 19. For the following reasons, I GRANT Mr. Pérez Piña's petition for a writ of habeas corpus.

1

## I. Background

### A. Facts[1]

Mr. Pérez Piña, a Venezuelan national, is an asylum applicant who fled to the United States seeking protection from persecution and entered without inspection on or about September 15, 2023. ECF No. 1 at 1–2. Shortly thereafter, CBP first detained Mr. Pérez Piña pursuant to its authority under 8 U.S.C. § 1226(a).[2] *Id.* at 2. CBP held Petitioner for five days before issuing him a Notice to Appear and initiating removal proceedings against him on September 20, 2023. *Id.*; ECF No. 1-2 at 2. That same day, CBP issued a Notice of Custody Determination releasing him into the United States on his own recognizance under 8 U.S.C. § 1226(a). ECF No. 1-3 at 2. Less than a year later, Mr. Pérez Piña applied to the Chelmsford Immigration Court in Massachusetts for asylum, withholding of removal, and protection under the Convention Against Torture. ECF No. 1 at 3. The immigration court scheduled his asylum hearing for January 21, 2027. *Id.*; ECF No. 1-5 at 2–3. In March 2025, U.S. Citizenship and Immigration Services issued Mr. Pérez Piña an Employment Authorization Document. ECF No. 1 at 3.

On September 29, 2025, the Brunswick Police Department ("BPD") arrested Mr. Pérez Piña for alleged disorderly conduct. ECF No. 11 at 2. When asked for identification, Petitioner provided BPD with his "employment authorization card." ECF No. 11-1 at 10.

---

[1] These facts are derived from Mr. Pérez Piña's verified petition, the parties' filings and exhibits, and counsels' presentations at the October 14, 2025, oral argument.

[2] Under section 1226, a noncitizen who is "arrested and detained" faces three potential outcomes during the pendency of their removal proceedings: the Attorney General "may continue to detain the arrested [noncitizen]"; the Attorney General "may release the [noncitizen] on bond of at least $1,500"; or the Attorney General "may release the [noncitizen] on conditional parole." 8 U.S.C. § 1226(a). Section 1226(a) therefore "establishes a discretionary detention framework for noncitizens." *Gomes v. Hyde*, No. 1:25-CV-11571, 2025 WL 1869299, at *1 (D. Mass. July 7, 2025). The only exception to section 1226's discretionary detention regime is that the Attorney General "shall take into custody" any noncitizen involved in certain enumerated criminal activities, which the parties stipulated is not at issue here. 8 U.S.C. § 1226(c)(1).

2

BPD contacted United States Border Patrol ("USBP") requesting an agency record check to verify Mr. Pérez Piña's identity. ECF No. 11 at 2. The results revealed that USBP had previously arrested Mr. Pérez Piña for uninspected entry, and he was "in active immigration proceedings" having been "released on bond pending his next immigration court date." *Id.*; ECF No. 11-1 at 10. A condition of Petitioner's bond was that he "must not violate any local, State, or Federal laws or ordinances." ECF Nos. 1-4 at 2, 11 at 2. Because the USBP agent decided that Mr. Pérez Piña's alleged violations of state criminal law breached those bond conditions, the agent revoked Petitioner's bond and detained him.[3] *See* ECF No. 11 at 2–3; *see also* ECF No. 16-1 at 1–2. On September 30, 2025, USBP issued a Form I-200 administrative warrant for Petitioner's arrest under section 236 of the Immigration and Nationality Act. ECF 16-2 at 1.

On October 3, 2025, Mr. Pérez Piña filed a federal habeas petition pursuant to 28 U.S.C. § 2241 challenging his detention.[4] ECF No. 1. The petition requested a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a). ECF No. 1 at 5. In addition to his verified petition, Mr. Pérez Piña filed a motion for a temporary restraining order ("TRO") to prevent his removal from the District of Maine during the pendency of

---

[3] When asked whether or not these allegations altered the analysis for Mr. Pérez Piña, the Government conceded it did not.

[4] Mr. Pérez Piña argues that the Government is violating his constitutional right to due process by denying him the opportunity to request a bond hearing, to which he is entitled under 8 U.S.C. § 1226(a). ECF No. 1 at 5, 8–10. His claim rests on the premise that he is incorrectly classified as subject to mandatory detention under 8 U.S.C. § 1225(b)(2), when he should instead be discretionarily detained under section 1226(a). *Id.* at 4–5. Under section 1225(b)(2)—the "mandatory detention statute"—a noncitizen "who is an applicant for admission" shall be detained for a removal proceeding "if the examining immigration officer determines that [the noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). In contrast, under section 1226—the "discretionary detention statute"—a noncitizen subject to detention is entitled to procedural protections that are not afforded under the mandatory detention statute, such as the right to a bond re-determination hearing in front of an Immigration Judge and a right to appeal any custody determination. *See* 8 C.F.R. § 236.1 (2025) (enumerating the procedural protections).

3

his habeas proceedings. ECF No. 3. This Court granted the TRO on October 3, 2025, enjoining the Government from relocating Mr. Pérez Piña outside the District of Maine absent judicial approval.[5] ECF No. 4. The Court also ordered the Government to show cause within three days as to why Mr. Pérez Piña's petition for a writ of habeas corpus should not be granted. *Id.* The Government subsequently moved without opposition to extend its response time an additional day, ECF No. 9, which the Court granted, ECF No. 10. The Government responded in opposition to the habeas petition on October 7, 2025.[6] ECF No. 11. The following day, the Government amended its response. ECF No. 16. And on October 14, 2025, the Court held a hearing on the merits of Mr. Pérez Piña's petition. *See* ECF No. 19.

## II. Discussion

It is clear from the outset that section 1226—not section 1225—governs Mr. Pérez Piña's detention. At the October 14, 2025, oral argument, both parties stipulated that this case is materially indistinguishable from *Chogllo Chafla v. Scott*, No. 2:25-CV-00437, 2025 WL 2688541 (D. Me. Sept. 22, 2025), and its progeny with respect to whether

---

[5] On October 8, 2025, the Court—with Mr. Pérez Piña's consent—approved his transfer to the Plymouth County Correctional Facility in Massachusetts and into U.S. Immigration and Customs Enforcement custody. ECF No. 15.

[6] Despite this Court's repeated holdings that section 1225(b)(2) does not apply in such situations, the Government maintains that Mr. Pérez Piña is subject to mandatory detention under section 1225(b)(2) because, having entered without inspection, Petitioner qualifies as an "applicant for admission" under section 1225(a)(1). *See* ECF No. 11 at 4–5. As such, the Government contends that Petitioner may be detained without a bond hearing pending removal proceedings because section 1225(b)(2) "mandates detention." *Id.* at 8; *see* 8 U.S.C. § 1225(b)(2) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] shall be detained for a proceeding under section 1229a of this title."); 8 U.S.C. § 1229a (providing the procedure for removal proceedings). Alternatively, the Government argues that even if section 1226(a) were to apply, the Attorney General retains discretionary authority to detain Mr. Pérez Piña under that provision and notes that Petitioner could "seek a bond hearing to contest such detention." ECF No. 11 at 9–10; *see* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States.").

section 1225 or 1226 applies to Petitioner's detention.[7] Therefore, as I have already decided the issue, my prior analysis of similarly situated individuals and the applicable statutes controls.

As I previously explained in *Chogllo Chafla* and related rulings, the plain text of the statute, its legislative history, and canons of statutory construction all support the conclusion that section 1226(a) governs the detention of noncitizens, such as the Petitioner, who have been continuously present in the United States for more than two years. *See id.* at *5–9; *see also id.* at *5 (collecting cases holding the same). Thus, Petitioner's continued detention under section 1225(b)(2) is unlawful. *See id.* at *9 ("For these reasons, I conclude section 1225(b) does not apply to the Petitioners' detention, and they may be subject to detention only as a matter of discretion pursuant to section 1226(a).").

Further, because Mr. Pérez Piña is unlawfully detained under section 1225(b)(2), his continued detention without a bond hearing before an Immigration Judge applying the standards of section 1226(a) violates his constitutional due process rights. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) ("The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." (quotation modified)); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 27–28 (1st Cir. 2021) (applying *Mathews* to a noncitizen's detention under section 1226(a)); *Chogllo Chafla*, 2025 WL 2688541, at *9–11 (applying the *Mathews* factors and finding that continued detention absent procedural safeguards violates due process); *Bermeo Sicha v. Bernal*,

---

[7] The record demonstrates that Mr. Pérez Piña was issued an I-200 administrative warrant. *Cf. Chogllo Chafla*, 2025 WL 2688541, at *11 (no administrative warrant issued for arrest); *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (no administrative warrant issued for arrest).

No. 25-cv-00418, 2025 WL 2494530, at *5–6 (D. Me. Aug. 29, 2025) (collecting cases requiring a bond re-determination hearing before revocation if petitioner is re-detained).

I find that the three factors articulated in *Mathews* used to determine if detention violates due process—the private interest at stake, the risk of erroneous deprivation, and the government's interest—weigh in favor of Mr. Pérez Piña. *See Mathews*, 424 U.S. at 335. As established and explained in *Chogllo Chafla*, 2025 WL 2688541, and *Bermeo Sicha*, 2025 WL 2494530, the Petitioner's risk of erroneous deprivation is substantial, and the Government's interests do not outweigh the procedural safeguards due. Accordingly, Mr. Pérez Piña's due process rights have been violated by the Government's continued detention of him pursuant to section 1225(b)(2).

### III.   Conclusion

Accordingly, I **GRANT** the Petitioner's habeas petition and order that he receive an individual bond hearing pursuant to section 1226(a). The Government is enjoined from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner and the Government shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2) within seven days of the date of this order. The Government is further **ORDERED** to file a status report within five days of Petitioner's bond hearing, stating whether the Petitioner has been granted bond, and, if his request for bond was denied, the reasons for that denial.

**SO ORDERED.**

Dated this 16th day of October, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**